UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRIS AND JASHONDA MOFFETT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-6217** |
| **ALLSTATE INDEMNITY COMPANY** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Allstate Indemnity Company's motion for summary judgment is **GRANTED**. (Document #45.)

### I. BACKGROUND

On August 29, 2005, the home of Chris and Jashonda Moffett in Slidell, Louisiana, suffered extensive damage from six to eight feet of flood water and wind as a result of Hurricane Katrina. On August 30, 2005, the Moffetts contacted Allstate Indemnity Company (Allstate) to report a loss under their homeowner's policy. The homeowner's policy provided coverage of $146,000 for structure, $14,600 for other structures, $73,000 for contents, and up to 12 months of additional living expenses. Allstate advanced $2,500 for expenses incurred during the mandatory evacuation and paid $12,876.77 for wind damage, personal property, and food spoilage from a power outage. Under a separate flood policy with Allstate, the Moffetts recovered for damages to the structure and contents because of flood.

The Moffetts filed a petition for damages in Civil District Court for the Parish of Orleans, State of Louisiana, and Allstate removed the case to federal court. The Moffetts filed an amended complaint and a second amended complaint, alleging that Allstate breached its contract by making partial payments based on damage from wind and wind driven rain, instead of paying the policy limit for the total loss of their property. The Moffetts also allege that Allstate acted in bad faith.

Allstate filed a motion for summary judgment, asserting that the Moffetts cannot satisfy their burden of producing evidence to support uncompensated, segregable damage to the structure and contents; additional living expenses; compensable emotional distress damages; and statutory penalties.

## II. DISCUSSION

**A. Legal standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). A fact is "material" if its resolution in favor of

one party might affect the outcome of the lawsuit. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. Id. If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B. Breach of contract**

The Moffetts contend that they have not been fully compensated for structural damage, contents damage, and additional living expenses under the homeowner's policy. Allstate contends that the Moffetts have not met their burden of segregating any uncompensated damage caused by wind from damage caused by flood waters.

"An indemnity agreement is a specialized form of contract which is distinguishable from a liability insurance policy." Black v. First City Bank, 642 So.2d 151, 155 (La. 1994). Insurance contracts against loss are contracts of indemnity. See id. An insured cannot recover an amount greater than the loss, and no double recovery is permitted. See Johnson v. State Farm Fire & Cas. Co., 2008 WL 2178059 (E.D. La. 2008); see Cole v. Celotex Corp., 599 So.2d 1058, 1080 (La. 1992) ("As a general rule the claimant may recover under all available coverages provided that there is no double recovery.")(citing 15A Couch on Insurance 2d § 56:34 (1983)). "When an insured has already received compensation for the full value of his or her property, he or she is not entitled to recharacterize as wind damage those losses for which he or she has already been compensated by previously attributing them to flood waters." Id. (citing

3

Wellmeyer v. Allstate Ins. Co., 2007 WL 1235042 at *3 (E.D. La. 2007)) (internal quotation omitted).  "A plaintiff whose property sustains damage from flood and wind can clearly recover for his or her segregable wind and flood damages except to the extent that he seeks to recover twice for the same loss."  Id. (citing Weiss, 2007 WL 891869 at *2)).

     Allstate contends that the Moffetts have repaired their structural damage, but cannot produce evidence that the repairs cost more than $63,414.16.  Because the Moffetts received $76,128.02 under the flood policy and $8,030.54 under the homeowner's policy, Allstate argues that the Moffetts have been paid $20,743.84 more than the cost of repair for which they have receipts.  The Moffetts contend that they spent $115,000 in repairs.

     Allstate contends that the Moffetts were fully compensated for the damage to the first floor of their home under the flood policy, and that they have not identified uncompensated wind damage to the second floor.  Allstate further argues that the Moffetts are not entitled to additional living expenses, except for the two-week period of mandatory evacuation, because the house suffered minor wind damage, and flooding rendered the house uninhabitable.

     Allstate presents the deposition testimony of the Moffetts to support its initial burden of establishing that there are no genuine issues for trial.  The Moffetts testified that there was wind damage to the roof and the second floor of the home.  A window in their son's upstairs bedroom was broken, but the furniture upstairs was undisturbed.  Mrs. Moffett could not identify any contents that were damaged because of the broken window on the second floor.  The carpet was heavily soiled, and it had to be replaced.

     There was some roof damage on the back and the left sides of the house.  There was

evidence of some condensation or slight moisture, but there was no interior damage, mold or mildew on the second floor of the home as a result of the roof damage.  Mrs. Moffett testified that Allstate estimated a cost of $400 to repair the roof; however, the actual cost was $6,000.  Allstate eventually paid the full cost of the roof and repairs to the gutters and siding.

As to the first floor, Mrs. Moffett testified that one of the windows in her living room was broken because of wind; however, the Moffetts agreed that the window could have been broken by a rescue crew.  They testified that the remaining damage was caused by flood water.

The Moffetts also seek additional living expenses under the homeowner's policy.  Mrs. Moffett testified that the family initially evacuated to Memphis, Tennessee, and stayed first in a hotel and then with family from September to December.  The Moffetts paid rent to their family in Tennessee and contributed to the household expenses, such as food and utilities.  From January 2006 until their home was repaired in June 2006, the Moffetts rented an apartment in Baton Rouge, Louisiana.  They incurred additional expenses for clothing and school uniforms for their children.  Mrs. Moffett testified in her deposition that the home was uninhabitable because the major living space on the first floor was destroyed by flood.

The Moffetts present an affidavit of Mrs. Moffett that the total cost of repair to the home is $115,000.  Further, the Moffetts' expert, Steve Hitchcock, presents a report of his review of the damage after the home had been repaired.  At oral argument, the Moffetts acknowledged that Hitchcock was not asked to segregate wind damage from flood damage in his report.

Although the Moffetts' witnesses generally disagree with Allstate's evaluation of the claim, there is no allegation that Allstate did not pay for the roof repair, window repair, and

carpet replacement identified by the Moffetts in their depositions. The Moffetts and Hitchcock do not put forth specific instances of segregable structural damage caused by wind that Allstate has not paid. Further, the Moffetts do not present evidence of uncompensated damage caused by wind for the contents of their home. The Moffetts testified in their deposition that the home was uninhabitable because of flood damage to the main floor; therefore, they have not put forth evidence to support a claim for additional living expenses under the homeowners' policy.

The court concludes that Allstate has met the initial burden of establishing that there is no genuine issue for trial. The Moffetts have not satisfied their summary judgment burden of putting forth evidence to support the essential elements of the claim of breach of contract. Accordingly, there are no disputed issues of material fact, and Allstate is entitled to judgment as a matter of law on the claim that Allstate breached the contract by failing to pay uncompensated damages caused by wind under the homeowner's policy.

**C. Claims for statutory penalties under La. Rev. Stat. 22:658 and 22:1220**

Allstate contends that the Moffetts are not entitled to statutory penalties because they have not established a valid breach of contract claim. A plaintiff attempting to base a theory of recovery against an insurer on La. Rev. Stat. 22:658 and 22:1220, "must first have a valid, underlying, substantive claim upon which insurance coverage is based." Clausen v. Fidelity and Deposit Co. of Maryland, 660 So.2d 83, 85 (La. Ct. App. 1995). "The penalties authorized by these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying, insurance claim." Id. "This reflects the general principle that statutes allowing for the imposition of penalties must be strictly construed." Id. at 86.

The Moffetts have not carried their burden of establishing a valid, underlying breach of contract claim.  Therefore, their claim for penalties are dismissed.  See Estate of Nicholson v. Farmers Ins. Co., 555 F.Supp.2d 671, 676 (E.D. La. March 20, 2008).

**D.  Claim for mental anguish and emotional distress**

Allstate contends that there is an absence of evidence that the Moffetts suffered mental anguish or emotional distress related to the handling of their homeowner's insurance claim.  Allstate argues that Mrs. Moffett's testimony in her deposition that she and her daughter were having problems after the storm and had to see a counselor are inadequate to establish a claim for emotional distress.  Further, Allstate argues that, because the Moffetts have not established bad faith claims handling, they cannot establish that the bad faith was the cause of their mental anguish and emotional distress.[1]

"[I]n order to recover for mental anguish, there must be evidence of the breach by the insurer and the intent to aggrieve the plaintiff."  Veade v. Louisiana Citizens Property Corp., 985 So.2d 1275, 1280 (La. Ct. App. 2008) (citing La. Rev. Stat. 22:1220 and La. Civ. Code Art. 1998).  In the opposition to the motion for summary judgment, the Moffetts do not address this claim or put forth evidence that there is a genuine issue for trial on a claim of mental anguish and emotional distress.  Accordingly, Allstate's motion for summary judgment on this issue is granted.

### III. CONCLUSION

---

[1] In the amended complaints, the Moffetts do not identify the statute under which the claim of mental anguish and emotional distress is brought.

The Moffetts have not met their burden to produce evidence of a genuine issue for trial on the Moffetts' claim for breach of contract under the homeowner's policy for failure to pay segregable damage caused by wind to their structure and contents and for additional living expenses.  Because they have not established a valid breach of contract claim, they may not recover statutory penalties or damages for mental anguish and emotional distress under La. Rev. Stat. 22:658 and 22:1220.  Allstate's motion for summary judgment is granted.

New Orleans, Louisiana, this  25th  day of November, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**